## Case No. 5,947.

### HALL v. SPEER et al.

[1 Pittsb. Rep. 513; 6 Pittsb. Leg. J. 403.]

Circuit Court, W. D. Pennsylvania. March 10, 1859.

PATENTS—INJUNCTION—UNRECORDED ASSIGNMENT OF PATENT.

1. Where a party is in possession and use of an invention, and has been so for a long period of time, adverse to the title of complainant, and under color and claim of right, a court of equity will not interpose the extraordinary writ of injunction to restrain him.

2. The failure to record an assignment at the patent office does not impair its validity as between parties, and against strangers, and is only necessary by way of notice to purchasers. Pitts v. Whitman [Case No. 11,196].

This was a bill in chancery, filed by John Hall, assignee of John S. Hall, against James A. Speer and John C. Bidwell, to prevent the defendants from the further use of two certain patents, obtained by John S. Hall, for an improvement in plows. The complainants filed their bill, and at the same time moved the court for a preliminary injunction, to prevent the defendants from manu-

facturing any plows upon the principle of the complainant's patents.

Shaler & Woods, for complainant.
Marshall & McConnell, for respondents.

McCANDLESS, District Judge. The bill and exhibits show, that patents for an improvement in the manufacture of plows were granted to John S. Hall, dated respectively, the 7th day of February, and the 1st day of August, 1854. John S. Hall assigned to John Hall, the complainant, "all the right, title and interest which I have in said improvement, as secured to me by said letters patent, for and in the county of Allegheny, in the state of Pennsylvania, and in no other place or places." The bill charges that, in violation of complainant's rights, thus secured to him by the patents, and an assignment which has been duly recorded in the patent office, the respondents are manufacturing large numbers of plows, amounting to three thousand annually.

To the prayer, for a preliminary injunction, the respondents interposed the affidavits of James A. Speer and Charles French, claiming substantially that the complainant is not the sole and exclusive owner of the said patents; that the money necessary to procure the same was advanced by James A. Speer to John S. Hall, and that the latter assigned to Speer an equal interest in said patents, throughout the United States; that as joint owners with said patentee, the said Speer, in conjunction with his partner Bidwell, at great expense, both before and since the issue of said letters patent, caused the necessary patterns to be made for the purpose of manufacturing plows, upon the approved design of the said patentee. That for more than two years after the grant of the said letters, and before the assignment to complainant, with the consent and approbation of said patentee, the respondents continued to manufacture and sell the same exclusively; and that, during the time, the complainant was frequently in the shop where the plows were being manufactured, and was informed by the patentee himself, that the said James A. Speer was a joint owner with him, in said patents, and that the same would never have been issued, but for the pecuniary advances made by said Speer.

In addition to this, the respondents exhibit a receipt from patentee dated the 3d of November, 1853, for two hundred dollars, "to be applied to the use of patent rights of the double moldboard and single moldboard plow, now in the patent office of the United States"—"to be applied to the use of John S. Hall and James A. Speer, if granted by the United States." It thus appears that from the date of the said letters patent, up to the date of the assignment to complainant, in October, 1856, and from that date to the 16th of February, 1859, the date of the filing of this bill, the respondents have been by color of title, in the sole and exclusive enjoyment of said patents, with the assent of the patentee, and with at least the passive acquiescence of the complainant. They alone, by their enterprise and capital, have furnished the public with tangible evidence of the existence of such a new and useful improvement, thereby enhancing the benefit, not only to the public, but the patentee.

As the rule on which courts of equity act, by granting or refusing an injunction, in the first instance, is to leave the parties in the same position as it finds them, when the application for relief is made, Brightly, N. P. 261; it will not be necessary to decide upon the relative legal and equitable rights of the parties, until after answer and final hearing. The respondents are in possession and use of the invention, and have been for a long period of time, adverse to the title of complainant, and under claim and color of right. In such case a court of equity will not interpose the extraordinary writ of injunction to restrain them.

There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, or is more dangerous in a doubtful case, than the issuing of an injunction; it is the strong arm of equity that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate or commensurate remedy in damages. The right must be clear, the injury impending, or threatened: Bonaparte v. Camden & Amboy R. Co. [Case No. 1,617]; neither of which characterize the present case; for if it issues erroneously, an irreparable injury is inflicted for which there can be no redress; it being the act of a court, not of the party who prays for it. It will be refused till the court is satisfied, that the case before them is of a right about to be destroyed, irreparably injured, or that great and lasting injury is about to be done by an illegal act. We will not prejudice the case at this stage, by the declaration of an opinion, as to the legal effect of the paper of the 3d November, 1853. Courts of equity do not regard the forms of instruments; but they look to the intent, and give to the acts of the parties, the construction which that intent justifies and requires, as far as consistently with general principles it can be done: Flagg v. Mann [Case No. 4,847].

Mr. Justice Story decides that the failure to record an assignment at the patent office, does not impair its validity, as between the parties and against strangers, and is only necessary by way of notice to purchasers: Pitts v. Whitman [Case No. 11,196]; Curt. Pat. 288. The proof by the affidavits is clear, that complainant had actual notice of respondents' claim, if not of this paper, before his purchase from the patentee; and for more than two years, without asserting his rights, he acquiesced in it. The effect

of this and the proper construction to be given to the paper, will be determined after answer and upon final hearing. At present, "the right is not clear," and we must decline to interpose. Injunction refused.